# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DUSTIN REEDER,

       Plaintiff,

     v.

DAMON HAGAN, DEREK
SLAUGHTER, THE CITY OF
WILLIAMSPORT and its COUNCIL
FRATERNAL ORDER OF POLICE
(LODGE 29), and FRED MILLER,

       Defendants.

No. 4:20-CV-00591

(Judge Brann)

## MEMORANDUM OPINION

### SEPTEMBER 24, 2020

## I.      BACKGROUND

On April 7, 2020, Plaintiff, Dustin Reeder (hereinafter "Plaintiff"), filed a

three-count complaint against Defendants, Damon Hagan, Derek Slaughter, the City

of Williamsport, Pennsylvania, the Fraternal Order of Police (Lodge 29) ("FOP Lodge

29"), and Fred Miller (hereinafter "Defendants").  Bringing his claim under 42 U.S.C.

§ 1983, Plaintiff alleges that the individual Defendants and the City of Williamsport

have retaliated against him, in violation of the First Amendment of the United States

Constitution.  He further claims that FOP Lodge 29 violated its duty of fair

representation.[1]

---

[1]   The Court notes that three complaints were filed in the Middle District of Pennsylvania by
Plaintiff's counsel, James L. Best, Esq., within two weeks of one another.  The three cases
involve similar claims against a similar (though not identical) group of Defendants.  A
comparison of both the pleadings and briefings filed by the parties serves to highlight the

The various Defendants subsequently filed motions to dismiss.  Defendants argue that Plaintiff's complaint violates Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 8's requirements that a complaint contain a "short and plain statement" of the claim and be "simple, concise, and direct."  Defendants further move to dismiss the complaint on its merits under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

The motion is now ripe for disposition; for the reasons that follow, Defendants' motion to dismiss is granted.  The Court finds that the complaint, as drafted, satisfies neither Fed. R. Civ. P. 8 nor 12(b)(6).  However, Plaintiff will be provided leave to amend the complaint.

## II.   DISCUSSION

### A.   The Complaint Violates Federal Rule of Civil Procedure 8

Fed. R. Civ. P. 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief."[2]  Furthermore, the rule requires that each allegation be "simple, concise, and direct."[3]  "Taken together, Rules 8(a) and 8(d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules."[4]  While no technical form is required, "our court of appeals has repeatedly affirmed district courts' dismissal of overly verbose, unintelligible complaints in violation of Rule 8."[5]

---

similarities among the three litigations.  *See Miller v. Campana et al.*, 4:20-cv-00485 (filed March 25, 2020) *and Mayes v. Campana et al.*, 4:20-cv-00499 (filed March 27, 2020).

[2]   Fed. R. Civ. P. 8(a)(2).

[3]   Fed. R. Civ. P. 8(d)(1).

[4]   *Itiowe v. United States Government*, 650 Fed.Appx. 100, 103 (3d Cir. 2016).

[5]   *Tarapchak v. Lackawanna County*, 173 F.Supp.3d 57, 71 (M.D. Pa. 2016)

Plaintiff's complaint is comprised of long, unintelligible, oftentimes rambling passages that do little to elucidate which facts are relevant to Plaintiff's cause of action.  While the Court is sympathetic to the fact that background information is often necessary to provide context for a claim, a number of statements are made in the complaint without clearly connecting them to the issues.  As Plaintiff has noted that he is willing to amend the complaint,[6] the Court asks that he do so.  Defendants' motions to dismiss under Fed. R. Civ. P. 8 are granted.  Because the Court is directing Plaintiff to amend the complaint, the motion to strike is denied as moot.[7]

Plaintiff is advised, however, that simply shortening paragraphs as he proposes is unlikely to bring the complaint within the bounds of Rule 8.  The Court suggests that Plaintiff examine the allegations in the complaint to ensure that they are all directly relevant to the claim he seeks to advance.

**B.    The Complaint Does Not Survive A Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)**

**1.    Motion to Dismiss Standard**

Although the Court independently finds that the complaint does not satisfy Fed. R. Civ. P. 8, and therefore dismisses the complaint, the Court briefly considers whether the complaint satisfies Fed. R. Civ. P. 12.[8]  Under Fed. R. Civ. P. 12(b)(6),

---

[6]   Doc. 21 at 6.

[7]   Defendants may revisit this issue after reviewing Plaintiff's amended complaint.  Plaintiff should pay special attention in considering whether to include those allegations in the amended complaint, as it appears Defendants would likely object again.

[8]   The Court provides this information in the hopes that, once Plaintiff has amended the complaint, the Court will be able to resolve this matter exclusively on the merits without the need for a third round of pleadings and briefings.

the Court dismisses a complaint, in whole or in part, if the plaintiff has failed to "state a claim upon which relief can be granted." A motion to dismiss "tests the legal sufficiency of a pleading"[9] and "streamlines litigation by dispensing with needless discovery and factfinding."[10] "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."[11] This is true of any claim, "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."[12]

Following the Roberts Court's "civil procedure revival,"[13] the landmark decisions of *Bell Atlantic Corporation v. Twombly*[14] and *Ashcroft v. Iqbal*[15] tightened the standard that district courts must apply to 12(b)(6) motions.[16]  These cases "retired" the lenient "no-set-of-facts test" set forth in *Conley v. Gibson* and replaced it with a more exacting "plausibility" standard.[17]

Accordingly, after *Twombly* and *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[18] "A claim has facial plausibility when the

---

9   *Richardson v. Bledsoe*, 829 F.3d 273, 289 n.13 (3d Cir. 2016) (Smith, C.J.) (*citing Szabo v. Bridgeport Machines, Inc.,* 249 F.3d 672, 675 (7th Cir. 2001) (Easterbrook, J.).

10   *Neitzke v. Williams,* 490 U.S. 319, 326–27 (1989).

11   *Neitzke*, 490 U.S. at 326 (*citing Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)).

12   *Neitzke*, 490 U.S. at 327.

13   Howard M. Wasserman, THE ROBERTS COURT AND THE CIVIL PROCEDURE REVIVAL, 31 Rev. Litig. 313, 316, 319-20 (2012).

14   550 U.S. 544 (2007).

15   556 U.S. 662, 678 (2009).

16   *Iqbal*, 556 U.S. at 670 (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)) ("[a]cknowledging that *Twombly* retired the *Conley* no-set-of-facts test").

17   *Iqbal*, 556 U.S. at 670 (*citing Conley v. Gibson*, 355 U.S. 41 (1957)) ("[a]cknowledging that *Twombly* retired the *Conley* no-set-of-facts test").

18   *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[19] "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully."[20] Moreover, "[a]sking for plausible grounds . . . calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [wrongdoing]."[21]

The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[22] No matter the context, however, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[23]

When disposing of a motion to dismiss, the Court "accept[s] as true all factual allegations in the complaint and draw[s] all inferences from the facts alleged in the light most favorable to [the plaintiff]."[24] However, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions."[25] "Threadbare recitals of the elements of a cause of action, supported by

---

[19]   *Iqbal*, 556 U.S. at 678.
[20]   *Connelly v. Lane Const. Corp.*, 809 F.3d 780 (3d Cir. 2016) (Jordan, J.) (internal quotations and citations omitted).
[21]   *Twombly*, 550 U.S. at 556.
[22]   *Iqbal*, 556 U.S. at 679.
[23]   *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557 (internal quotations omitted)).
[24]   *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (Nygaard, J.).
[25]   *Iqbal*, 556 U.S. at 678 (internal citations omitted); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (Nygaard, J.) ("After *Iqbal*, it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss.").

mere conclusory statements, do not suffice."[26]

As a matter of procedure, the United States Court of Appeals for the Third

Circuit has instructed that:

> Under the pleading regime established by *Twombly* and *Iqbal*, a court
> reviewing the sufficiency of a complaint must take three steps. First, it
> must tak[e] note of the elements [the] plaintiff must plead to state a claim.
> Second, it should identify allegations that, because they are no more than
> conclusions, are not entitled to the assumption of truth. Finally, [w]hen
> there are well-pleaded factual allegations, [the] court should assume their
> veracity and then determine whether they plausibly give rise to an
> entitlement to relief.[27]

### 2.   Facts Alleged in the Complaint

The facts alleged in the complaint, which I must accept as true for the purposes

of this motion, are as follows.

Plaintiff was an officer with the Williamsport Bureau of Police ("WBP").[28]

During the period of time relevant to the claim, Plaintiff had an "extremely coveted"

special assignment.[29]  Several years prior to the events in question, Plaintiff claims

that he became a "whistleblower" and "quickly became unpopular with many officers

who maintained membership in [FOP Lodge 29]."[30]  Subsequently, Plaintiff alleges

he "found himself the subject of an 'onslaught' of sexual harassment complaints for

'blowing the whistle'" on intimate activities involving the members of FOP Lodge 29

and their spouses.[31]

---

[26]  *Iqbal*, 556 U.S. at 678.
[27]  *Connelly*, 809 F.3d at 787 (internal quotations and citations omitted).
[28]  Doc. 1 at ¶ 12.
[29]  *Id.* at ¶ 13.
[30]  *Id.* at ¶ 19.
[31]  *Id.* at ¶ 22.

At the same time, Plaintiff alleges that he was "responsible for writing up and initiating an internal investigation on a very confrontational, controversial high ranking union official . . . who had his hands in most every grievance, unfair labor practice, and/or adversarial action filed against the police administration."[32]  Plaintiff claims this further fractured his relationship with FOP Lodge 29.[33]  Plaintiff claims that he was further accused of a "'serious offense' for parking in [Chief Hagan's] parking spot during a weekend midnight shift," which Plaintiff alleges was "the first time in history of the Department" that an officer was charged with violating this rule.[34]  Plaintiff alleges that Defendants "individually and collectively engaged in blatant and malicious retaliation, harassment, and discrimination" and accused Plaintiff of "engaging in criminal activity which was false and investigated for nearly 9 months."  Plaintiff claims that he was a "specific target due to his association with [former police Chief] Dave Young, Jody Miller, and Don Mayes."[35]  Plaintiff alleges that he has complied with the retaliatory discipline imposed on him over "the better part of three years."[36]

---

[32] *Id*. at ¶ 23.
[33] *Id*.
[34] *Id*. at ¶ 29.
[35] *Id*. at ¶ 34.
[36] *Id*. at ¶ 35.

### 3.    Analysis

#### a.    Plaintiff's First Amendment Claim

Although "public employees do not surrender all their First Amendment rights by reason of their employment"[37] the United States Supreme Court has noted the need to strike a "careful balance 'between the interests of the [employee], as a citizen, in commenting upon matters of public concern[,] and the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees.'"[38]  In order to establish a First Amendment retaliation claim, "a public employee must show that (1) his [activity] is protected by the First Amendment and (2) the [activity] was a substantial or motivating factor in the alleged retaliatory action, which, if both are proved, shifts the burden to the employer to prove that (3) the same action would have been taken even if the [activity] had not occurred."[39]  The first element is a question of law, while the second and third are questions of fact.[40]

"A public employee's statement is protected activity when (1) in making it, the employee spoke as a citizen, (2) the statement involved a matter of public concern, and (3) the government employer did not have an adequate justification for treating the employee differently from any other member of the general public as a result of

---

[37]   *Garcetti v. Ceballos*, 547 U.S. 410, 417 (2006); *see also Rankin v. McPherson*, 483 U.S. 378, 383 (1987) ("[A] State may not discharge an employee on a basis that infringes that employee's constitutionally protected interest in freedom of speech.").

[38]   *Lane v. Franks*, 573 U.S. 228, 236 (2014) (first alteration in original) (quoting *Pickering v. Bd. Of Ed.*, 391 U.S. 563, 568 (1968).

[39]   *Falco v. Zimmer*, 767 Fed.Appx.288, 299 (3d Cir. 2019); *see also Dougherty v. School Dist. of Philadelphia*, 772 F.3d 979, 986 (3d Cir. 2014).

[40]   *Dougherty v. School Dist. of Philadelphia*, 772 F.3d 979, 987 (3d Cir. 2014) (citing *Gorum v. Sessoms*, 561 F.3d 179, 184 (3d. Cir. 2009)).

the statement he made."[41]  Accordingly, the first question for this Court is whether Plaintiff's statements were made in his role as an employee, or his role as a citizen.  If Plaintiff spoke as an employee, his First Amendment claim is dead on arrival.[42]

Here, Plaintiff clearly alleges that he "engaged in free speech activities by raising concerns as to corruption, waste, abuse, and dysfunctional behavior by fellow officers within the City" and by "blowing the whistle to sexual misconduct" against several members of FOP Lodge 29.[43]

"When public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline."[44] Based on the complaint, I find that because Plaintiff's alleged speech was made pursuant to his duties as an employee, it is not protected speech.[45]  Plaintiff plainly states that he was "responsible for writing up and initiating an internal investigation" against a union official.[46]  Plaintiff was tasked with raising concerns about waste and abuse.  Plaintiff further claims he was "responsible to do a performance evaluation"

---

[41]  *Hill v. Burough of Kutztown*, 455 F.3d 225 (3d Cir. 2006) (internal quotation marks omitted) (quoting *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006)).

[42]  *Garcetti v. Ceballos*, 547 U.S. 410 (2006).

[43]  Doc. 1 ¶ 39 (emphasis added).

[44]  *Garcetti*, 547 U.S. at 421 (2006).

[45]  In February 2020, the Honorable Malachy E. Mannion of this Court dismissed § 1983 First Amendment retaliation claims from police officers who allegedly spoke out about improprieties in their police department, because the officers were speaking as employees, rather than as citizens.  While not necessarily binding on me, I find this opinion thorough and persuasive.  In subsequent briefing, the parties should consider whether this case is distinguishable from *Lahovski v. Rush Tp.*, or whether the same result is dictated by the law. 441 F.Supp.3d 43.

[46]  *Id*. at ¶ 23.

on another officer.  Again, this task was performed within the scope of Plaintiff's duties as an employee.

Plaintiff's alleged "whistle-blowing" on his colleagues, with regard to their personal intimate affairs, was also seemingly made within the scope of his employment.  On at least one occasion, Plaintiff reported this sort of information to another police officer in the chain of command.  Even if Plaintiff had made these statements "as a citizen," his complaint fails to explain how those allegations were "a matter of public concern," as required to constitute protected speech.  For speech to be protected, it must *both* be made as a citizen and be a matter of public concern. Plaintiff's free speech claims fail on these grounds.  Finally, Plaintiff's freedom of association claim falls short for similar reasons.  Because his association – his decision to "accept[] a special assignment"[47] within the WBP – is "linked closely" with his free speech claim, the same test applies.[48]  It appears from the complaint that his decision to accept that position was made as an employee, and not as a citizen. Therefore, that decision is not protected by the First Amendment.

### b.    Plaintiff's *Monell* Violation Claim

Under *Monell v. Department of Social Servs.*,[49] a municipality may be held liable for a violation of § 1983, but only "where it has in place a policy or custom that led to the violation."[50]  The burden is on Plaintiff to identify such a policy or

---

[47]    Doc. 1 ¶ 38.
[48]    *Gorum v. Sessoms*, 561 F.3d 179, 185 n.4 (3d Cir. 2009).
[49]    436 U.S. 658 (1978).
[50]    *Lahovski*, 441 F.Supp.3d at 60 (M.D. Pa. 2020).

custom.[51]  Plaintiff has failed to allege a violation of his First Amendment rights. "Absent an underlying constitutional violation by an agent of the municipality, however, the municipality itself may not be held liable under § 1983."[52]

Even if he had alleged an injury, however, Plaintiff does not establish the existence of a policy or custom, as defined in our case law.[53]  To establish a policy, Plaintiff must show that "an official with final decision-making authority has issued an official proclamation, policy, or edict."[54]  To establish that a custom or course of conduct existed, Plaintiff must show that such a custom was "so permanent and well settled as to virtually constitute law."[55]  Plaintiff does not plead this sufficiently. Instead, Plaintiff claims that if there had "been adequate policies and procedures in place, then he would not have been disciplined."[56]  While "the absence of a policy may provide the basis for a *Monell* claim if sufficiently pled,"[57] Plaintiff has not yet met that bar.  Furthermore, it is unclear from the complaint how any theoretical policy (or lack thereof) led to retaliation against Plaintiff.[58]  Therefore, the claim against the City of Williamsport also fails.

---

[51]  *Baloga v. Pittston Area School District*, 927 F.3d 742, 761 (3d Cir. 2019).

[52]  *Mills v. City of Harrisburg*, 350 Fed.Appx 770, 773 n.2 (3d Cir. 2009); *see also Southerton v. Borough of Honesdale*, 2018 WL 5810269 at *7 (M.D. Pa. Nov. 6, 2018) (Caputo, J.).

[53]  *Baloga*, 927 F.3d at 761 (3d Cir. 2019).

[54]  *Id.* (quotation marks omitted).

[55]  *Id.*

[56]  Doc. 21 at 12.

[57]  *Moy v. DeParlos*, 2019 WL 4221072 at *5 (M.D. Pa. Sept. 5, 2019) (Conner, J.).

[58]  *Moeck v. Pleasant Valley School District*, 983 F.Supp.2d 516, 524 ("Municipal liability only attaches when a plaintiff demonstrates that an official policy or custom <u>caused</u> the asserted constitutional deprivation.") (emphasis added).

### c.    Plaintiff's Duty of Fair Representation Claim

Plaintiff's third cause of action claims that FOP Lodge 29 violated its duty of fair representation.  This claim falls short because Plaintiff does not explain which requirement provided by the duty of fair representation FOP Lodge 29 failed to satisfy.  For example, it appears that Plaintiff is alleging that he was not represented in his dealings with his employer, but it is unclear whether he ever sought representation from the union in those interactions.  He has not connected his clearly-fractured relationship with certain union members or officials to a violation of the duty of fair representation.  Accordingly, Plaintiff's claim in this complaint for a breach of the duty of fair representation is also deficient.

## III.    CONCLUSION

Defendants' Motions to Dismiss are granted.  Defendants' Motion to Strike is denied as moot.  Plaintiff is granted leave to amend.  Plaintiff will be given twenty-one days from today's date to file an amended complaint.[59]  If no amended complaint is filed, the action will be summarily dismissed pursuant to Federal Rule of Civil Procedure 41(b).

An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[59]    Ordinarily, the Court would allow Plaintiff fourteen days to amend the complaint.  The Court is mindful, however, that Plaintiff's attorney, Mr. Best, is being asked to amend three complaints today.